## Carney's Case.

*Criminal law—Escape from prison—Sentence—Serving time of sentence— Maximum sentence—Act of March 31, 1860.*

1. Where a person convicted of crime breaks from prison and is recaptured, he may be convicted and sentenced for the crime of escaping or breaking prison under the Act of March 31, 1860, P. L. 382, but the length of the sentence cannot exceed the original sentence.

2. On such a conviction, the sentence will not run concurrently with the original sentence, but the second sentence must begin at the termination of the first one.

3. In such case, the maximum of the first sentence must be fully served before the second sentence will begin.

4. After the expiration of the original sentence, the prisoner may be paroled as if he had not committed the offence of breaking prison and escaping.

Attorney-General's Department. Opinion to Dr. Ellen C. Potter, Commissioner of Public Welfare.

WALLACE, Dep. Att'y-Gen., April 12, 1923.—I have your communication of March 27, 1923, requesting an opinion relative to a convict escaped from the Penitentiary and recaptured, with special reference to Clyde D. Carney.

Where a person has been convicted of a crime and sentenced to the Penitentiary, and while serving his sentence escapes and is recaptured, he is liable to indictment, conviction and sentence for the crime of escaping or breaking prison, which is made by law a misdemeanor, and he shall be sentenced by the court for a term to commence from the expiration of his original sentence for a period of time not to exceed the original sentence, by virtue of which he was imprisoned at the time he broke prison or escaped.

There is a marked distinction between cases where persons are out on parole and persons who commit the offence of breaking prison or escaping during the time they are serving sentence. The latter case is governed by the 3rd section of the Criminal Code, approved March 31, 1860, P. L. 382, 385. The part of said section covering this question reads as follows: ". . . if any prisoner imprisoned in any penitentiary or jail upon a conviction for a criminal offence, other than murder in the first degree, or where the sentence is for imprisonment for life, shall break such penitentiary or jail, although no escape be actually made by him, such person shall be guilty of a misdemeanor, and, upon conviction of said offence, shall be sentenced to undergo an imprisonment, to commence from the expiration of his original sentence, of the like nature, and for a period of time not exceeding the original sentence, by virtue of which he was imprisoned when he so broke prison and escaped or broke prison, although no actual escape was made by him."

The breaking of prison or the escape from prison constitutes a misdemeanor under our law which is a separate and distinct offence, and, upon conviction, the court shall sentence the defendant to a term in prison to commence at the expiration of the sentence by virtue of which he was imprisoned at the time of the breaking of jail or escape. However, it will be noticed that the length of sentence is not to exceed the original sentence, which leaves with the court the authority to sentence for such a period as he deems proper and advisable under the circumstances, not to exceed in length the period of the original sentence. The law is very plain that the sentence shall not run concurrently, but rather that the second sentence must begin at the termination of the first one.

I am, therefore, of the opinion that the original maximum sentence must be served in full. The Supreme Court in Com. *v.* Kalck, 239 Pa. 541, said: "That a sentence for an indefinite term must be deemed a sentence for the maximum term prescribed by law as a punishment for the offence committed."

It will, therefore, be readily seen that "the expiration of the original sentence" must necessarily mean expiration of the maximum sentence.

However, after the expiration of such original maximum sentence, I see no reason why the prisoner could not be paroled the same as if he were serving his original service and had not committed the offence of breaking prison or escaping. The length of time the prisoner must serve in compliance with the sentences of both courts must necessarily depend upon the length of sentence imposed by the court in the second case.

You are, therefore, advised that the defendant must serve the full maximum of his first sentence and that he is eligible for parole only on his second sentence.　　　　　　　　　　　　　From C. P. Addams, Harrisburg, Pa.